United States of America,  )
                           )
         Plaintiff,        )
                           )
    v.                     )
                           )   No. CR-10-0858 DLJ
Jose Cuevas Estrada        )
                           )
                           )
         Defendant.        )
_____)

Defendant Jose Cuevas Estrada (Cuevas Estrada) has filed several motions in *pro per* with the Court. On March 2, 2011 Defendant filed a Motion to Dismiss the Information and on March 8, 2011 Defendant filed a Motion to Dismiss the Indictment. On April 4, 2011 Defendant also filed a Motion Requesting a Ruling on his two prior motions. Having considered the papers submitted, the applicable law, and the record in this case, the Court hereby denies Defendant's motions.

I.  Background

Defendant is before the Court on an alleged violation of 8 U.S.C. § 1326, Illegal Reentry following deportation. Defendant's Motions before the Court allege that he could not have been charged by way of an Information and that the Indictment must be dismissed because of alleged Speedy Trial Act violations having to do both with his arrest and with the exclusions of time since that point. Finally Defendant argues that the Information should be dismissed based on alleged ineffectiveness of prior counsel.

Defendant was deported in February 1999, April 2006 and July 2006. He was found in the United States this time on or

about August 24, 2010 when he was in the custody of the Santa Clara County Jail. An Immigration Detainer was lodged on Defendant on August 24, 2010 at the Santa Clara County jail.

On November 10, 2010 a Criminal Complaint was filed against Defendant in the United States District court alleging a violation of 8 U.S.C. § 1326. A warrant for the Complaint was issued. Defendant was arrested and initially appeared before Magistrate Judge Trumbull on November 16, 2010.

On November 23, 2010 an Information was filed against Defendant alleging a violation of 8 U.S.C. § 1326. Defendant was arraigned on that Information on December 8, 2010. On that date Defendant waived his right to an Indictment in open court and after being advised of the nature of the charge and of his rights, he was arraigned on the Information charging him with a violation of 8 U.S.C. § 1326, Illegal Re-Entry Following Deportation.

Time was not excluded from the date of December 8, 2010 to December 21, 2010, when Defendant first appeared before this Court.

Defendant thereafter appeared before this Court on January 25, 2011, on March 1, 2011, and on April 5, 2011. Time was excluded from the 70-day Speedy Trial calculation at each of those hearings (from December 21, 2010 to January 25, 2011; from January 25, 2011 to March 1, 2011; and from March 1, 2011 to April 5, 2011).

At his request, Defendant had new counsel appointed in March. On April 1, 2011, the Government filed a stipulated continuance from April 5, 2011 to April 12, 2011 to provide

2

Defendant's new counsel an opportunity to meet with Defendant. Time was not excluded from April 5, 2011 to April 12, 2011.

At the latest hearing on April 12, 2011, the Court set a trial date of May 16, 2011, and excluded time until the trial for effective trial preparation. On April 28, 2011, the government filed a Superseding Indictment in this case.

II. Discussion

A. Motion to Dismiss the Information

Defendant argues that he has a legal right to be prosecuted by Indictment because the offense with which he is charged is punishable by imprisonment for more than one year. Fed. R. Crim. P. 7(b). However, at his arraignment on December 8, 2010, Defendant was advised of the nature of the charges and of his rights and at that hearing he waived his right to be prosecuted by Indictment and consented to prosecution by Information. See Ct. Dkt. #11, 12. Therefore, no violation of Defendant's right to be prosecuted by Indictment has occurred. Moreover, the Government has now filed a Superseding Indictment in this case, rendering Defendant's objection moot. For these reasons, the Court DENIES Defendant's Motion to Dismiss the Information.

B. Motion to Dismiss the Indictment for Alleged Speedy Trial Act Violations[1]

Defendant raises two Speedy Trial Act claims. First, he asserts that the government did not charge him in a timely manner in violation of 18 U.S.C § 3161(b). Second, he claims

---

[1] Although this Motion references an Indictment, as discussed above, at the time Defendant filed this Motion he was charged by way of Information, not Indictment.

3

that his case has not been brought to trial in a timely fashion.

Defendant argues first that he was not charged in a timely manner in violation of the time deadline set out in 18 U.S.C. § 3161(b). This section provides that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). Defendant argues that the date he was "arrested or served with a summons" was the date upon which the Immigration Detainer was lodged against him, August 24, 2010. This however, was not an arrest, it was only an Immigration Detainer. Defendant was not arrested in connection with the current § 1326 charge until, looking to the earliest possible date, the Complaint was filed against him and he was transferred into federal custody on November 16, 2010 by an executed Warrant of Arrest.

Since the Information was filed only seven days later on November 23, 2010, the government's actions clearly fall within the required thirty day window and therefore there is no violation of 18 U.S.C. § 3161(b).

Defendant also "invokes his 6th Amendment Right to Speedy Trial." Under the Speedy Trial Act, the government has 70 days to bring an action to trial. 18 U.S.C. § 3161(c)(1). This section provides in pertinent part that:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the

4

>defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1)

The seventy day time period may be tolled by exclusions of time. As noted above, there have been several exclusions of time in this case. Looking at the procedural history of the case, a total of twelve days between the date Defendant was arraigned and the date of the last Court appearance, April 12, 2011, have not been excluded from the 70-day Speedy Trial Act calculation. Therefore, at the time of the last hearing, fifty-eight days remained under the Speedy Trial Act.[2] At the last hearing the Court set a trial date of May 16, 2011, still within the Speedy Trial Act period, and also found that the interests of justice warranted a further exclusion of time for effective preparation for trial of Defendant's newly appointed counsel to come up to speed on the case in order to be able to bring it to trial in May.

C.   Ineffectiveness of Previous Counsel

Defendant further claims that the Information should be dismissed because he has failed to receive his state criminal court files which he had requested from his prior attorney, Daniel Barton. Defendant's former counsel Barton was relieved as attorney as record and, on March 22, 2011, Robert Carey was appointed as Defendant's new counsel. There have been no

---

[2] Even assuming that the reference in 18 U.S.C. § 3161(c) to defendant's "appearance before a judicial officer" refers back to his appearance on the Complaint (November 16, 2010), and not to the date when he was arraigned on the Information (December 8, 2010), the Court finds that there would still be no Speedy Trial Act violation.

5

rulings on any motions in the state case, nor has Defendant pled.  The relevance to this case of these files at this stage of the proceedings has not been established, and it does not appear that any actions have been taken whereby Defendant could have been prejudiced by this alleged failure.  Finally, Defendant's claims in this regard are conclusory only.

There is no set of facts before this Court, even if they were true, which would require a dismissal of the Information based on ineffectiveness of Defendant's former counsel.  See United States v. Briggs, 623 F.3d 724, 728 (9th Cir. 2010)(conclusory allegations insufficient to show ineffectiveness of counsel). Additionally, Defendant has new counsel and his case is set for trial.  The Court finds that ineffective assistance of counsel claim is without merit.

III.  Conclusion

For the reasons stated above, Defendant's Motion to Dismiss the Information; Motion to Dismiss the Indictment; and Motion for a Ruling are all DENIED.

IT IS SO ORDERED.

Dated: May 5, 2011

_____
D. Lowell Jensen
United States District Judge

6